UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCINE WALKER,

Plaintiff

v.

ANDREW SAUL,
COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

_____/

Civil Action No.: 19-12745
Honorable Nancy G. Edmunds
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 12, 13]**

Plaintiff Francine Walker appeals a final decision of defendant

Commissioner of Social Security (Commissioner) denying her application

for disability insurance benefits (DIB) and supplemental security income

(SSI) under the Social Security Act.  Both parties have filed summary

judgment motions, referred to this Court for a report and recommendation

under 28 U.S.C. § 636(b)(1)(B).  After review of the record, the Court finds

that the administrative law judge's (ALJ) decision is supported by

substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 13] be **GRANTED**;

- Walker's motion [ECF No. 12] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## I.   BACKGROUND

### A.   Walker's Background and Disability Applications

Born October 29, 1959, Walker was 55 years old at the time of her alleged onset date of April 28, 2015.  [ECF No. 8, PageID.39, 42].  She submitted her application for benefits in May 2016.  [*Id.*, PageID.37].  Walker had previous work as an administrative assistant.  [*Id.*, PageID.42].  She claimed to be disabled from sciatic disc, back condition and obstructive sleep apnea.  [*Id.*, PageID.97].

After the Commissioner denied her disability application initially, Walker requested a hearing, which took place in April 2018, and during which she and a vocational expert (VE) testified.  [ECF No. 8, PageID.50-96].  In a July 2018 written decision, the ALJ found Walker not disabled.  [*Id.*, PageID.37-44].  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Walker timely filed for judicial review.  [*Id.*, PageID.23-26; ECF No. 1].

### B.   The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.[1]  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.  *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work.  *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  §§ 1520(c); 920(c).
.

the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health &*

*Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Walker was not

disabled.  At the first step, she found that she had not engaged in

substantial gainful activity since April 28, 2015.  [ECF No. 8, PageID.39].

At the second step, the ALJ found that Walker had the severe impairments

of "history of poliomyelitis with degenerative changes of the lumbar spine

related to right leg shortening from polio."  [*Id.*].  The ALJ determined that

Walker's sleep apnea, right knee osteoarthritis and anxiety were non-

severe or not medically determinable impairments.  [*Id.*, PageID.40].  Next,

the ALJ concluded that none of her impairments, either alone or in

combination, met or medically equaled the severity of a listed impairment.

[*Id.*].

Between the third and fourth steps, the ALJ found that Walker had

the RFC

> to perform sedentary work as defined in 20 C.F.R. 404.1567(a)
> and 416.967(a) with the following additional limitations:
> occasional balancing, stooping, kneeling, crouching, crawling,
> and climbing of stairs or ramps; no climbing of ropes, ladders,
> or scaffolds; avoid concentrated exposure to extreme
> temperatures and humidity; no exposure to fumes, odors,
> gases, dust, or poor ventilation; and avoid hazards such as
> unprotected heights, sharp surfaces or objects, fast moving
> heavy machinery, and driving.

[*Id.*].  At step four, the ALJ found that Walker could not perform her past

relevant work.  [*Id.*, PageID.42].  But at the final step, after considering

Walker's age, education, work experience, RFC and the testimony of the

VE, the ALJ concluded that she could perform jobs that existed in

significant numbers in the national economy, including receptionist.  [*Id.*,

PageID.43].  The ALJ thus concluded Walker was not disabled.  [*Id.*,

PageID.44].

## II.    ANALYSIS

## A.

Under § 405(g), this Court's review is limited to determining whether

the Commissioner's decision is supported by substantial evidence and

conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*,

741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a

scintilla of evidence but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.

2007) (internal quotation marks and citation omitted).  Only the evidence in

the record below may be considered when determining whether the ALJ's

decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d

506, 513 (6th Cir. 2007).

Walker argues that the RFC is not supported by substantial evidence. [ECF No. 12, PageID.814-816].  She also contends that the ALJ's step three determination is improper and not supported by substantial evidence. [*Id.*, PageID.817-821].  The Court finds Walker's arguments unavailing and that the ALJ's decision should be affirmed.

**B.**

Walker argues that the RFC analysis was not supported by substantial evidence because he failed to adequately discuss her April 2015 MRI findings.  As Walker admits, the ALJ did note that the MRI showed degenerative disc disease.  [ECF No. 8, PageID.41].  But Walker contends that the ALJ did not adequately detail the findings of the MRI. [ECF No. 12, PageID.816].  She says, "It cannot be said that the ALJ considered the evidence as a whole and reached a reasoned conclusion when instead of discussing nerve root involvement with possible compression, marked stenosis, marked disc height loss, and tearing, he simply stated that [she] has degenerative changes." [*Id.*].

Walker bears the burden of showing that she needs restrictions greater than those determined by the ALJ.  *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).  Walker cannot meet this burden by relying on the details of the MRI results.  First, the ALJ had no duty to

explicitly address every detail of the MRI results. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006). Second, "Diagnostic testing does not dictate functional limitations." *Dobbs v. Comm'r of Soc.Sec.*,18-CV-11903, 2019 WL 4196506, at *7 (E.D. Mich. Aug. 19, 2019).

Walker cites no record evidence supporting more specific or restrictive limitations for her back condition. Walker's argument for greater restrictions is essentially a request for the Court to reweigh the evidence considered by the ALJ, which is not permitted. *See Cutlip v. Sec. of Health & Hum. Servs.,* 25 F.3d 284, 286 (6th Cir. 1994).

## C.

Walker challenges the ALJ's conclusion that she does not meet Listed Impairment 1.04. She contends that the ALJ erred by failing to analyze her impairments according to the enumerated criteria of Listing 1.04, or even identify Listing 1.04 as the relevant listing. [ECF No. 12, PageID.818-819].

"When considering presumptive disability at Step Three, 'an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review.'" *Vickers v. Comm'r of Soc. Sec.*, 18-

7

12803, 2020 WL 5071999, at *4 (E.D. Mich. Aug. 26, 2020) (quoting

*Christephore v. Comm'r of Soc. Sec.*, 2012 WL 2274328, at *6 (E.D. Mich.

June 18, 2012)).  "An ALJ's failure to sufficiently articulate his Step Three

findings is error."  *Id.* (citing *M.G. v. Comm'r of Soc. Sec.*, 861 F.Supp.2d

846, 858-59 (E.D. Mich. 2012)).  But that error is harmless when a claimant

cannot show prejudice from the lack of explanation.  *M.G.,* 861 F.Supp.2d

at 858-59.  To support an argument that the ALJ committed reversible

error, Walker "must point to specific evidence that demonstrates [s]he

reasonably could meet or equal every requirement of the listing."  *Smith–*

*Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432-33 (6th Cir. 2014);

*Vickers,* 2020 WL 5071999, at *5-6*.

To meet Listing 1.04, Walker must show that she has a disorder of

the spine with: "Evidence of nerve root compression characterized by

neuro-anatomic distribution of pain, limitation of motion of the spine, motor

loss (atrophy with associated muscle weakness or muscle weakness)

accompanied by sensory or reflex loss and, if there is involvement of the

lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R.

Pt. 404, Subpt. P, App. 1, Listing 1.04A. "It is well-settled that to 'meet' a

listing, a claimant's impairments must satisfy each and every element of the

listing."  *Grandstaff v. Comm'r of Soc. Sec.*, 2017 WL 4251734, at *8 (E.D.

Mich. Sept. 26, 2017) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)

and *Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 6 (6th Cir. 2004)).  Walker

fails to meet this burden.

Evidence cited by Walker arguably suggests compression of a nerve

root or the spinal cord.  [ECF No. 8, PageID.329].  The April 2015 MRI

showed a right foramenal stenosis at L4-L5, with "contact with descending

right L5 nerve root in lateral recess," and "a large posterior mid and bilateral

disc protrusion at L5-S1 resulting in marked bilateral foramenal stenosis

with intraforamenal neural contact [and] *potential compression* bilaterally."

[*Id.* (emphasis added)].

The record contains conflicting evidence that these impairments

caused limitations in range of spinal motion and spinal muscle weakness.

An examination in October 2016 showed a slightly diminished range of

motion in the lumbar spine with flexion to 80 degrees, not the normal 90

degrees.  [*Id.*, PageID.566].  From January to May 2017, and again in

September 2017, Walker's physical therapy records noted lumbar range of

motion within functional limits but with pain.  [*Id.*, PageID.594-603, 588-

591].  Those records show a lumbar spine range of motion within functional

limits without pain by October 2017.  [*Id.*, PageID.586-587].  And records

from Charles G. Smith, M.D., of the University Pain Clinic Detroit reflect

normal range of motion in the spine during examinations in August and October 2017, and January 2018.  [*Id.,* PageID.631, 638, 648].

The records also include some evidence of muscle weakness in the lumbar spine.  [*Id.,* PageID.594-603, 588-591].  But other records note normal strength.  [*Id.,* PageID.586-587, 631, 638, 648].   Walker's medical records also reflect both positive and negative straight-leg raising tests. [*Id.,* PageID.631, 638, 648].

The Court would recommend remand if Listing 1.04 required only evidence of nerve compression with limitations in range of motion, muscle weakness and positive straight-leg raising tests.  *See Vorva v. Comm'r of Soc. Sec.,* 19-10682, 2020 WL 1034866, at *6-7, n.3 (E.D. Mich. Jan. 22, 2020), *adopted,* 2020 WL 999037 (E.D. Mich. March 2, 2020) (with at least some objective evidence to support each criteria of a Listing, it is for the ALJ, not the court, and not the Commissioner in summary judgment arguments, to weigh and resolve any conflicting evidence).  But the listing also requires accompanying sensory or reflex loss.  Listing § 1.04A.  And "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990) (emphasis in original); *see also Thacker v. Soc. Sec. Admin.,* 93 F. App'x 725, 728 (6th Cir. 2004) ("When a claimant alleges that he meets or

equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.").

"An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan*, 493 U.S. at 530. Critically here, Walker does not point to any evidence of sensory or reflex loss, and the previously cited medical records reflect only normal reflexes and sensation. [ECF No. 8, PageID.568, 638, 648]. Without evidence of any sensory or reflex loss, Walker cannot show that she meets every element of Listing 1.04, and thus cannot meet her burden to show reversible error. Remand is not warranted.

### III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 13] be **GRANTED**; that Walker's motion [ECF No. 12] be **DENIED**; and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).


                                              s/Elizabeth A. Stafford
                                              ELIZABETH A. STAFFORD
Dated: December 7, 2020                       United States Magistrate Judge

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation,

any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And

only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of

objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the

same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page

limitation. If the Court determines that any objections are without merit, it

may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served
upon counsel of record and any unrepresented parties via the Court's ECF
System to their respective email or First Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on December 7, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
